IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF: ) <br> ) <br> 2020 Mercedes-Benz AMG E63 sedan ) <br> VIN W1KZF8KB0LA810283 ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:20-mc-00031 <br><br> MOTION FOR DUAL-PURPOSE <br> PREFILING CRIMINAL AND <br> CIVIL FORFEITURE <br> PROTECTIVE / TURNOVER ORDER |

**Table of Contents**

I.   Introduction ........................................................................................................ 1

II.  Applicable Criminal Forfeiture Authority ............................................... 2

III. Applicable Civil Forfeiture Authority ....................................................... 5

IV.  Summary of Relief Requested .................................................................... 6

V.   Facts of the Case............................................................................................ 6

VI.  Conclusion ..................................................................................................... 13

COMES NOW the United States of America, and moves, pursuant to 21 U.S.C. § 853(e) (criminal forfeiture) and 18 U.S.C. § 983(j) (general rules for civil forfeiture proceedings), for a dual-purpose, prefiling criminal and civil forfeiture protective / turnover order for a 2020 Mercedes-Benz-AMG E63 Sedan (VIN # W1KZF8KB0LA810283) (hereinafter the 2020 Mercedes-Benz Sedan), requiring Jeffrey Allan Kock or the Jeffrey Allan Kock Trust (aka, the Jeffrey Allan Kock Living Trust) to transfer the 2020 Mercedes-Benz Sedan to the possession of the government.

### I.   Introduction

1. **Status of Criminal and Civil Investigations.** The government anticipates seeking an indictment(s) and/or a civil forfeiture complaint against the

1

2020 Mercedes-Benz Sedan based on its investigations into the tax practices of the Jeffry Alan Kock Trust (the Trust) and its affiliates, including Jeffrey Allan Kock (Kock). These investigations are ongoing, however, and the government is not, yet, in a position to file these pleadings.

2. **Requested Relief.** Based on the facts set forth herein, the government respectfully requests the Court enter a prefiling protective order to preserve the availability of the 2020 Mercedes-Benz Sedan for criminal or civil forfeiture, insofar as Kock, the trustee of the Trust, knows the government has a seizure warrant for the 2020 Mercedes-Benz Sedan and is choosing to hide the 2020 Mercedes-Benz Sedan, instead of complying with the warrant.

3. **The Right Against Compulsory Self-Incrimination Is Not Applicable.** Kock does not have a Fifth Amendment right not to produce the 2020 Mercedes-Benz Sedan, insofar as he has admitted to the case agent it is in his custody and that he hid it. *See United States v. Adams*, 782 F.Supp.2d 229, 232 (N.D. W. Va. 2011) ("[T]he disclosure of <u>where</u> the funds are (or the production of them to the United States Marshals Service) does not require that the defendant admit guilt (i.e., that he was not entitled to receive the funds).").

## II.   Applicable Criminal Forfeiture Authority

4. **Mail and Wire Fraud.** Title 18, United States Code, Section 981(a)(1)(C) authorizes the civil forfeiture of any property, real or personal, which constitutes proceeds of, or is derived from proceeds traceable to, a violation of

any crime listed as a "specified unlawful activity" under the federal money laundering statutes, specifically 18 U.S.C. § 1956(c)(7).

5. **Specified Unlawful Activities – Defined.** Section 1956(c)(7) defines the term "specified unlawful activity" to include theft of government money or property under 18 U.S.C. § 641, which is incorporated by § 1956(c)(7)(D), and the crimes listed as potential "racketeering activities" under the Racketeer Influenced Corrupt Organizations Act (RICO) in 18 U.S.C. § 1961(1). Mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343 are listed in § 1961(1).

6. **Incorporation of Civil Forfeiture Authority into Criminal Proceedings.** Federal law, namely 28 U.S.C. § 2461(c), provides that the government may pursue a criminal forfeiture of any property for which civil forfeiture is authorized. Thus, because the government is authorized under 18 U.S.C. § 981(c)(1)(C) and the statutes listed above to pursue the civil forfeiture of the proceeds of any theft of government property, mail fraud, and wire fraud, it is also authorized to pursue criminal forfeiture of the same property.

7. **Criminal Forfeiture Procedures.** Section 2461(c) provides that the procedures of 21 U.S.C. § 853 apply to all stages of a criminal forfeiture proceeding.

8. **Court Authority for Entering Precharging Protective Orders.** Section 853(e)(1)(B) authorizes a federal court, upon application of the government, to enter a preindictment or preinformation restraining order or injunction to preserve the availability of potentially forfeitable property.

9. **Notice and an Opportunity to be Heard.** Before entering such an order, notice must be provided to persons appearing to have an interest in such property, and they must be afforded an opportunity for a hearing. 21 U.S.C. § 853(e)(1)(B).

10. **Burden of Proof.** A motion for a preindictment restraining order or injunction must be granted if the Court determines there is a "substantial probability" that the government will prevail on the forfeiture and that "failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture." 21 U.S.C. § 853(e)(1)(B)(i).

Before granting the motion, the Court must also determine that the need to preserve the availability of the property outweighs any hardship on a party against whom the order is to be entered. 21 U.S.C. § 853(e)(1)(B)(ii). As noted herein, the government previously established probable cause to believe the 2020 Mercedes-Benz Sedan is subject to forfeiture when it obtained a seizure warrant for it from this Court. *See* Warrant to Seize Property Subject to Forfeiture, *In the Matter of the Seizure of 2020 Mercedes-Benz-AMG E63 sedan* (VIN W1KZF8KB0LA810283), Case No. 4:20-mj-450 (August 25, 2020).

11. **Duration of the Protective Order.** Any such order is effective for ninety (90) days, unless it is extended by the Court for good cause shown, or an indictment or information is filed that includes the forfeiture. 21 U.S.C. § 853(e)(1)(B).

### III.   Applicable Civil Forfeiture Authority

12.   **Civil Forfeiture Authority.**  The federal government also has the authority to seek civil forfeiture in this matter, as set forth above.

13.   **Civil Forfeiture Procedures.**  Many of the procedures applicable to civil forfeiture matters are set forth in 18 U.S.C. § 983.

14.   **Court Authority for Entering Precomplaint Protective Orders.** Section 983(j)(1)(B) empowers the federal government to obtain a precomplaint restraining order or injunction (or other protections) to "seize, secure, maintain, or preserve the availability of property subject to civil forfeiture."

15.   **Notice and an Opportunity to be Heard.**  Before such an order is entered, notice must be provided to persons appearing to have an interest in such property, and they must be afforded an opportunity for a hearing. 18 U.S.C. § 983(j)(1)(B).

16.   **Burden of Proof**.  The motion must be granted if the Court determines there is a "substantial probability" that the government will prevail on the forfeiture and that "failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture." 18 U.S.C. § 983(j)(1)(B)(i).

Before granting the motion, the Court must also determine that the need to preserve the availability of the property outweighs any hardship on a party against whom the order is to be entered. 18 U.S.C. § 983(j)(1)(B)(ii).

17. **Duration of the Protective Order.** Any such order is effective for ninety (90) days, unless it is extended by the Court for good cause shown, or a complaint is filed that includes the forfeiture. 18 U.S.C. § 983(j)(1)(B)(2).

### IV. Summary of Relief Requested

18. The government seeks a preindictment protective order, and a precomplaint protective order, under the authorities set forth above, commanding Kock or the Trust to turn the missing 2020 Mercedes-Benz Sedan over to the government, specifically the law enforcement agents assisting with the forfeiture in this matter. Kock, in his individual capacity and as trustee for the Trust, knows that the 2020 Mercedes-Benz Sedan is the subject of a seizure warrant issued by this Court, and he has chosen to thwart the warrant by hiding the 2020 Mercedes-Benz Sedan.

### V. Facts of the Case

19. **Overview of the Investigation.** Internal Revenue Service, Criminal Investigation (IRS-CI) is currently investigating the Trust and its affiliates for various criminal offenses related to the filing of fictitious tax returns and the receipt of fraudulently-procured tax refunds generated from the filing of the fictitious returns. As detailed below, there is probable cause to believe Kock submitted false federal tax returns in the name of the Trust for tax years 2018 and 2019, which made claims for tax refunds.

20. **The Scheme to Defraud.** A tax refund fraud scheme involves one or more individuals who prepare false income tax returns, file false income tax returns,

or do both, using false income, deductions, or tax withholding amounts to generate a fraudulent claim for refund. A Form 1041, U.S. Income Tax Return for Estates and Trusts, may be used to execute a tax refund scheme—just as a Form 1040, U.S. Individual Income Tax Return is often used to execute such a scheme. Using either type of return, a fraudster can manipulate the numbers on the form using false income, false tax withholding figures, or both, to generate a fraudulent refund.

21. **Form 1041, U.S. Income Returns for Estates and Trusts**. The Trust filed two false Forms 1041, US Income Tax Return for Estates and Trusts, for the years 2018 and 2019. The Forms 1041 reported false interest income and false federal income tax withholdings, which generated two fraudulent tax refunds totaling $10,941,863.

22. **False 2018 Form 1041.** On or about November 23, 2019, the IRS electronically received a 2018 Form 1041 in the name of the Trust. The address on the form was associated with a residence in West Des Moines, Iowa titled to Roger T. and Susan E. Kock, the parents of Kock. Kock resides at the same address.

23. **Contents of the False 2018 Form 1041.** The 2018 Form 1041 reported interest income of $23,243. In the Tax and Payments section, the return reported $23,243 in Federal income tax withheld, which was identical to the amount of interest income reported. There is a question on the return asking, "If any [Federal income tax withheld] is from Form(s) 1099, check [a box]." That box was checked, which indicates that all or a portion of the federal tax withheld would be substantiated by a corresponding Form 1099 filed by the withholder. The return

reported taxable income of $11,243. The return claimed a refund of $20,671. The return also was marked by the filer as an "initial return," indicating that it was the first tax return filed with the IRS on behalf of the Trust. A review of IRS records indicates this was, in fact, the initial return filed on behalf of the Trust.

24. **The First Fraudulent Refund.** On December 17, 2019, based on the amount of federal tax withholding claimed on the 2018 Form 1041 in the name of the Trust, the IRS issued a refund payment in the amount of $20,671 via a check issued by the United States Treasury to the Trust.

25. **Evidence of Fraud.** Based on a review of IRS records, the return is wholly fictitious because the IRS has no record of any interest income earned by the Trust or any tax withholdings paid over to the IRS for the Trust. A check of IRS records was performed numerous times, as recently as May 11, 2020, and no interest income or tax withholding records could be found.

26. **Financial Transaction with the First Fraud Proceeds.** Based on a review of Banker's Trust account records, on December 30, 2019, a bank account was opened at the Clive Branch in Clive, Iowa. That account was a trust account having account number xxxxx3903 and titled "Jeffrey Allan Kock Living Trust". Jeffrey A. Kock was listed as the only trustee on the signature card for that account. The account was initially funded with a deposit of the $20,671 tax refund check.

27. **False 2019 Form 1041.** On or about February 5, 2020, the IRS received a paper 2019 Form 1041 in the name of the Trust. The West Des Moines, Iowa address associated with Kock's parents, where Kock resides, was listed on the form.

28. **Contents of the False 2019 Form 1041**. The 2019 Form 1041 reported interest income of $15,158,247. In the Deductions section, the return reported a net operating loss deduction (NOL) of $15,158,245. A NOL occurs when an entity's allowable deductions exceed its taxable income for a tax period. When this happens, the allowable deductions can be "carried forward" to succeeding years to reduce future taxable income. The NOL reported on the return was nearly identical to the amount of interest income reported. In the Deductions section, the return reported a loss of ($11,998). That amount was calculated by taking the reported $15,158,247 interest income and reducing that amount by the $12,000 reported as fiduciary fees and the reported $15,158,245 net operating loss deduction. In the Tax and Payments section, the return reported $15,158,245 in Federal income tax withheld, which is nearly identical to the amount of interest income reported. There is a question on the return asking, "If any [Federal income tax withheld] is from Form(s) 1099, check [a box]." That box was checked, which indicates that all or a portion of the federal tax withheld would be substantiated by a corresponding Form 1099 filed by the withholder. Although the return reported a loss of ($11,998), an alternative minimum tax amount due was calculated on the return of $4,237,053. This alternative minimum tax amount was calculated on the reported interest income of $15,158,247. When the reported Federal income tax withheld of $15,158,247 is deducted from the alternative minimum tax amount, the result is a refund of $10,921,192.

29. **The Second Fraudulent Refund.** On February 25, 2020, based on the large amount of Federal tax withholding claimed to have been paid on the 2019 Form 1041 in the name of the Trust, the IRS issued a refund payment in the amount of $10,921,192 via a check issued by the United States Treasury to the Trust.

30. **Evidence of Fraud.** Based on a review of IRS records, the return is wholly fictitious because the IRS has no record of any interest income earned by the Trust or any tax withholdings paid over to the IRS for the Trust. A check of IRS records was performed numerous times, as recently as May 11, 2020, and no interest income or tax withholding records could be found. In addition, based on a review of IRS records and other available records, the source of the net operating loss claimed on the return is wholly fictitious. Further, regarding the net operating loss, the fact that the 2018 return is marked as an "initial return" and reported taxable income of $11,243 indicates that there would not be a net operating loss to carry forward to 2019, because the initial 2018 return reported positive taxable income, not a loss. There is no loss to carry forward to the 2019 return, and certainly not a $15,158,245 net operating loss.

31. **Financial Transaction with the Second Fraud Proceeds.** On March 2, 2020, the tax refund check was deposited into a Banker's Trust bank account, having account number xxxxxx3903. That account was titled "Jeffrey Allan Kock Living Trust." The trustee on the account was Jeffrey A. Kock.

32. **Purchase of the 2020 Mercedes-Benz Sedan.** The investigation further reveals that Kock then conducted a monetary transaction with this criminally

derived property of a value greater than $10,000 in violation of 18 U.S.C. § 1957, and the source of those monetary transactions was derived from specified unlawful activity. A Bankers Trust cashier's check in the amount of $146,271.80 was drawn on the Bankers Trust bank account xxxxxx3903 on March 3, 2020. The cashier's check listed the payee as Mercedes-Benz of Des Moines and the remitter as Kock. A motor vehicle purchase agreement dated February 29, 2020, from Mercedes-Benz of Des Moines for the purchase of the 2020 Mercedes-Benz Sedan listed the VIN on the agreement as W1KZF8KB0LA810283, and the balance due as $146,271.80. The motor vehicle purchase agreement listed the buyer as the Trust and was signed "Jeffrey Kock, TTEE". This 2020 Mercedes-Benz Sedan is the property, purchased with stolen government funds, and/or fraud proceeds, and by use of a money laundered funds, for which the government seeks a protective order.

33. **Other Vehicles.** Kock purchased two other vehicles with fraud proceeds, as well. In June 2020, the government attempted to recover all three vehicles via seizure warrants issued by this Court.

34. **Attempted Seizure of the 2020 Mercedes-Benz Sedan Pursuant to Court-Issued Federal Warrants.** On June 18, 2020, a team of IRS Special Agents executed seizure warrants of the three vehicles, and the following events occurred:

    A.    **Vehicle # 1.** A 2017 Mercedes-Benz-AMG G63 Sports Utility Vehicle (SUV) (VIN # WDCYC7DF5HX274308), titled in the name of the Jeffrey Allan Kock Living Trust, was seized at the residence of JH, Kock's sister. She said that Kock bought that vehicle and owns it, but that she was driving the vehicle and storing it at her address.

B. **Vehicle # 2**. A 2019 Mercedes-Benz-AMG SL450 convertible coupe (VIN # WDDJK6GA2KF055555), titled in the name of Susan E. Kock, was seized at the residence of Roger T. and Susan E. Kock in West Des Moines, Iowa—the same address listed on the fictitious tax forms and where Kock resides. Roger Kock stated that the vehicle was owned by his wife, Susan Kock and that the vehicle was purchased by his son, Jeffrey Kock, for his mother. Roger Kock stated that the source of the funds for the purchase of this vehicle was a $10 million check issued to Kock by the IRS.

C. **Vehicle # 3 (2020 Mercedes-Benz Sedan).** After the Government took possession of the coupe, Kock arrived at his parents' home. The case agent informed Kock that a valid seizure warrant was in effect for the 2020 Mercedes-Benz Sedan. Kock then stated to the case agent that the Sedan could not be seized, because "well, I hid it" The case agent confirmed that Kock had said he had hidden the 2020 Mercedes-Benz Sedan from federal agents and Kock stated that was correct.

35. **Title to the 2020 Mercedes-Benz Sedan.** According to the Iowa Department of Transportation Motor Vehicles, the 2020 Mercedes-Benz-AMG E63 sedan is titled in the name of the Jeffrey Allan Kock Living Trust. According to the Bankers Trust bank account signature card, Jeffrey Kock is the only trustee of the Jeffrey Allan Kock Living Trust.

36. **The Administrative Forfeiture.** In August 2020, Koch sent a *pro se* letter to the IRS in which he contested the administrative forfeiture of the two previously-seized vehicles by claiming the agency had no authority to seize them, and demanding they be returned within 10 days, full of premium gas, washed externally, and without damages, and demanding that the IRS release the 2020 Mercedes-Benz Sedan from the federal seizure warrant, or else he would file a lawsuit. Kock said if the IRS did not answer his *pro se* letter within 10 days, it was agreeing that it had no authority to take the automobiles, and that he owed no debt or claim in regard to the

vehicles. The IRS was not obligated to, and did not, respond to these demands. Thus, Koch may insist that the warrant issued by this Court is invalid.

## VI. Conclusion

WHEREFORE, the United States respectfully requests that this Court order Jeffrey Allan Kock, who is in defiance of this Court's seizure warrant, to appear expeditiously at a hearing on the government's motion for a protective order, requiring him to turn the subject vehicle over to the federal government, as previously commanded, and for other such relief as the Court deems appropriate under the facts, applicable law, and the equities of the case.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Kyle J. Essley
Assistant United States Attorneys
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov